Filed 12/4/13  In re A.C. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.C.,<br><br>        Defendant and Appellant. | E058387<br><br>(Super.Ct.No. INJ1100343)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Lawrence P. Best, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## INTRODUCTION

On June 6, 2011, a Welfare and Institutions Code section 602, subdivision (a), petition charged minor and appellant A.C. (minor) with misdemeanor battery against a peace officer in violation of Penal Code section 243, subdivision (b) ("first petition").

On June 9, 2011, minor admitted the allegation and was adjudged a ward under Welfare and Institutions Code section 602. The juvenile court placed minor on probation for six months under Welfare and Institutions Code section 725.

On June 16, 2011, the People filed a second petition for two misdemeanor batteries, which had occurred prior to the first petition ("second petition"). Paragraph 1 of the second petition alleged misdemeanor battery on a school employee under Penal Code section 243.6, and paragraph 2 alleged misdemeanor battery on school grounds in violation of Penal Code section 243.2, subdivision (a)(1). On August 1, 2011, minor admitted the allegations in paragraph 1, and paragraph 2 was dismissed. The court placed minor on probation for six months under Welfare and Institutions Code section 725.

On November 29, 2011, the People filed a third petition charging minor with misdemeanor battery on school grounds in violation of Penal Code section 243.2, subdivision (a)(1) ("third petition"). On February 15, 2012, minor admitted the allegation. The court imposed probation terms and released minor to the custody of her mother.

On April 2, 2012, the People filed a Welfare and Institutions Code section 777 petition for violations of probations terms ("first violation petition"). On April 10, 2012, minor admitted to the probation violations and was committed to a juvenile work program for four to six days, stayed.

On May 7, 2012, the People filed a second Welfare and Institutions Code section 777 petition for subsequent violations of minor's probation terms ("second violation petition"). On May 24, 2012, minor admitted the probation violations and was committed to juvenile hall for 14 to 28 days.

On June 25, 2012, the People filed another Welfare and Institutions Code section 777 petition for additional violations of minor's probation terms ("third violation petition"). On July 12, 2012, minor admitted to the probation violations. On August 23, 2012, minor was placed in a "Wraparound program" and released to her parents.

On October 22, 2012, the People filed its fourth Welfare and Institutions Code section 777 petition for additional violations of minor's probation terms ("fourth violation petition"). On November 15, 2012, a fifth Welfare and Institutions Code section 777 was filed against minor ("fifth violation petition"). On November 27, 2012, the People filed a fourth petition charging minor with misdemeanor resisting a deputy in violation of Penal Code section 148, subdivision (a)(1) ("fourth petition").

On November 28, 2012, the court held a detention hearing on the fourth and fifth violation petitions and the fourth petition. At the hearing, minor admitted the allegations

included in all three petitions. The court committed minor to juvenile hall for 10 to 14 days.

On January 2, 2013, the People filed a sixth Welfare and Institutions Code section 777 petition for a new violation of minor's probation terms ("sixth violation petition"). At the January 22, 2013 contested jurisdiction hearing, the court found that the allegations were untrue and not established by the evidence.

On January 29, 2013, the People filed a seventh Welfare and Institutions Code section 777 petition for violation of probation terms ("seventh violation petition"). On February 21, 2013, the People filed a fifth petition charging minor with misdemeanor possession of marijuana on school grounds in violation of Health and Safety Code section 11357, subdivision (e) ("fifth petition"). On February 22, 2013, minor admitted the allegations contained in both petitions.

On March 19, 2013, after a contested disposition hearing related to the seventh violation petition and fifth petition, the court found that continuance in the home of the parent or guardian would be contrary to minor's welfare and ordered minor placed in a suitable foster or group home, relative home, country or private facility.

On March 25, 2013, minor filed her notice of appeal from the March 19, 2013, placement order.

## STATEMENT OF FACTS[1]

On March 19, 2013, the trial court held a disposition hearing on minor's fifth petition and seventh violation petition.

Prior to the hearing, on March 5, 2013, probation filed a dispositional memorandum. The memorandum included a minor's statement section, which reported minor's belief that she should be placed with her uncle. Minor stated that living with her father was not acceptable because she lacked personal space at his home and was unable to have a social life because of his strict rules. Living with her mother was also difficult because their relationship was volatile. Statements from both her father and mother agreed with minor's assessment that placement with her uncle was the best option.

Probation recommended that minor be ordered placed outside the home in a facility that "will provide the minor with counseling and the structure to address her suicidal behavior, issues of anger, impulsive behavior . . . and educational needs." In reaching this decision, probation and the Wraparound team had decided that, because of a recent suicide attempt, "the minor's past self-injurious behaviors, her on-going drug problems, and repeated running away it is the belief of the Wraparound Team the minor requires the intense supervision and therapy that can be provided by a placement facility."

---

[1] Minor appeals solely from the March 19, 2013, placement order. Therefore, we shall discuss facts pertaining to that order.

At the disposition hearing, the People submitted on the recommendation contained in the probation memorandum. Minor's counsel argued in favor of placement with minor's uncle. In support of this, minor's counsel called the author of the probation memorandum, Probation Officer Jennifer Atkinson, to testify. Counsel questioned Officer Atkinson on the decision-making process. Officer Atkinson indicated that, while the Wraparound team initially indicated a willingness to continue working with minor and considered placement with minor's uncle, the team never visited the uncle's home to assess the appropriateness of the placement. The screening committee, the Wraparound team, and the officer concluded that placement was appropriate before a site visit to minor's uncle's home occurred. The screening committee never met with minor in making their recommendation or participating in the decision for placement. Officer Atkinson met with minor once while she was in juvenile hall.

Minor's father testified. He expressed his preference for placement with minor's uncle and aunt. The father believed that the placement would work because minor "would be living and having direct contact with her cousin, and both of them are the same age and they both get along really well. So that to me would be a big factor." The father also indicated that "the difference would be [the uncle] and his wife. They are both very, very patient people. They are very understanding and they are willing to do 100 percent of what they can offer to [minor]."

Minor's uncle and aunt also testified.  They sated that they would be willing to participate with minor in the Wraparound program.  The uncle testified that prior overnight stays by minor had been positive and trouble free.

At the conclusion of the hearing, the court noted that minor had been in the juvenile system since June 2011.  "There are numerous violations of probation, numerous petitions.  She has had numerous opportunities to benefit from community resources.  She has chosen not to do that.  She could have lived at father's house a long time ago but chose not to because father has rules.  [Minor] doesn't like rules.  [¶]  I don't have any reason to believe living with the uncle would be any different.  Probation's recommendation is appropriate, and I intend to follow it."

Thereafter, the court ordered minor placed in a "suitable foster home, group home, relative home, county or private facility with no preference for a period as deemed necessary by staff and probation on condition she obey staff and rules."  The court also made findings that continuing in the home of the parent or guardian would be contrary to minor's welfare and ordered her removed from the custody of her parents.

## ANALYSIS

After minor appealed, and upon her request, this court appointed counsel to represent her.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to

undertake a review of the entire record. These procedures apply to juvenile delinquency cases. (*In re Kevin S.* (2003) 113 Cal.App.4th 97.)

We offered minor an opportunity to file a personal supplemental brief, but she has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____
                                 J.

We concur:

McKINSTER _____
         Acting P. J.

CODRINGTON _____
              J.